UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:07-cr-20042 |
| VS. | : | JUDGE MINALDI |
| SHERRIE D. WOOD | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned magistrate judge to conduct an evidentiary hearing and issue a report and recommendation[1] to determine whether defendant, Sherrie D. Wood, should be held in contempt of court for failing to comply with an order issued by this court on April 27, 2007.

*Background*

On April 10, 2007, defendant was indicted by a federal grand jury sitting in the Western District of Louisiana and charged with four counts of violating 18 U.S.C. § 1920, obtaining federal employee's compensation by false statement/fraud. [Doc. 1]. At her initial appearance before the court on April 27, 2007, Magistrate Judge Wilson, after reviewing a financial affidavit executed by defendant, issued an order appointing the Office of the Federal Public Defender to represent defendant in this matter. [Doc. 6]. Magistrate Judge Wilson further ordered that, based upon the financial affidavit submitted, "defendant shall pay Two Hundred Fifty ($250.00)

---

[1] 28 U.S.C. § 636(b)(1)(B)

into the registry of the court, each month, beginning on May 10, 2007, until further notice in order to offset the cost of her representation. *Id.*

At some point it was brought to the attention of the court that the defendant had failed to make any payments to the clerk as ordered. Accordingly, on August 12, 2009, Judge Minaldi issued an order referring the case to the undersigned with instructions to issue a rule for contempt and hold an evidentiary hearing in order to determine whether defendant should be held in contempt of court. [Doc. 53].

On August 14, 2009, the undersigned issued an order fixing a show cause for contempt hearing for September 17, 2009. [Doc. 55]. Defendant was ordered to bring to court "ALL FINANCIAL RECORDS showing sources of income, payments made and other disposition of funds received since the date of the order . . ." and further ordered to bring similar records for any significant other who may be contributing to her support or indebtedness. *Id.* The September 17, 2009 hearing was continued to October 19, 2009. [Doc. 56].

Defendant was present for the hearing and did produce certain information mandated by this court's August 14, 2009 order. Based on the evidence adduced at the hearing, the undersigned finds that the government established beyond a reasonable doubt that defendant contemptuously and willfully disobeyed a lawful order of this court. Thus, the undersigned recommends that defendant be found in contempt of court for failing to comply with the April 27, 2007 court order.

### *Law and Analysis*

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. *See*

*also,* Fed. R. Crim. P. 42. Acts of willful disobedience to clear and unambiguous orders of the court constitute contempt of court. *Gopers v. Bucks Stove & Range Co.,* 31 S.Ct. 492, 498 (1911). To find a defendant in contempt of court for failing to obey a court order, the court must find that defendant's disobedience was the result of "both a contemptuous act and a willful, contumacious, or reckless state of mind." *United States v. West,* 21 F.3d 607, 608 (5th Cir. 1994) (quoting *United States v. McCargo,* 783 F.2d 507, 510 (5th Cir. 1986) (quoting *United States v. Hilburn,* 625 F.2d 1177, 1180 (5th Cir. 1980)). The government has the burden of proving a charge of criminal contempt beyond a reasonable doubt. *U.S. v Martinez,* 686 F.2d 334, 346 (5th Cir. 1982) (citing *Hood v. United States,* 326, F.2d 11, 34 (5th Cir. 1964)). For the following reasons, the undersigned finds that the government has met its burden and defendant should be found in contempt of court.

At no time at the hearing or otherwise did the defendant claim that she was not aware of or misunderstood the April 27, 2007 order. Defendant produced no evidence whatsoever establishing a payment of any sum at all as ordered. Defendant did produce some financial records consisting of bank statements, credit card statements, a copy of her divorce decree, and various other documents. [Doc. 60]. In essence, counsel, acting on defendant's behalf, attempted to suggest that changes in the financial condition of the defendant since entry of the original order provided justification for defendant's disregard for the court's authority. This record is devoid, however, of any formal request by the defendant for a modification of the April 27, 2007, order based on those alleged changes in circumstances.

After reviewing the evidence, the undersigned finds that the financial records submitted by defendant fail to support any defense or show any mitigating circumstances for her failure to pay. The records submitted offer no insight whatsoever into any explanation of why defendant

has not paid any amount towards her representation since April 27, 2007. The records do indicate, however, that defendant has enjoyed sufficient and steady income,[2] which has enabled her to afford numerous luxuries since the imposition of the court order. For example, the court counts at least fifteen (15) instances where defendant made payments in an amount between fifty ($50.00) and seventy-five ($75.00) dollars to various nail salons. The court also counts a number of payments, several exceeding thirty ($30.00) dollars, to restaurants.

Based on the records submitted by defendant, the undersigned finds that defendant contemptuously and willfully failed to obey the April 27, 2007 order.

For the foregoing reasons, the undersigned recommends that defendant be found in contempt of court for willfully disobeying the court's April 27, 2007 order. It is further recommended that as punishment for that contempt the defendant be ordered to pay a fine of $500.00 to be paid within one year of the date of the court's order.

While the undersigned recommends that defendant should be held in contempt of court for failing to obey the court's order, the undersigned also recommends that the April 27, 2007 order be rescinded and a new order issued to address the defendant's obligation and ability to pay the cost of her own defense.

At time of issuance of the original order and as is usually the case, the duration of the appointment of counsel was uncertain and the total cost of that representation was unknown. Given the fact that this matter is now fixed for trial in the immediate future, it would seem more appropriate for the court to enter an order directed to court appointed counsel to submit to the court at the conclusion of his representation a statement of total time, cost of time, and expenses

---

[2] Defendant's bank statements typically show deposit amounts from between $1500 and $2000 a month.

incurred in the representation of the defendant. At that time a judgment could be entered against the defendant for the total cost and expense of her representation (unless defendant would choose to pay that amount at that time), which judgment would serve as a lien against property owned by the defendant and which could be satisfied at some point in the future by liquidation of that asset. Representations were made at the hearing on contempt that the defendant continues to own a one-half interest in a former family home currently occupied by her former spouse and that there exists considerable equity in that asset that has not yet been divided between defendant and her former spouse. By approaching this issue in this manner, the court can insure repayment for costs of defense, avoiding the possibility of this defendant again ignoring her obligation to pay.

For the foregoing reasons, IT IS RECOMMENDED that the court hold defendant in contempt of court and, as punishment for that contempt, order her to pay a fine of Five Hundred ($500.00) Dollars within one (1) year of the judgment of this court.

IT IS FURTHER RECOMMENDED that the April 27, 2007 court order be rescinded. It is suggested that the court enter an order directed to court appointed counsel to submit to the court at the conclusion of his representation of this defendant a statement of total time, cost of time, and expenses incurred in the representation of the defendant. At that time it is recommended a judgment be entered against the defendant for the total cost and expense of her representation (unless defendant chooses to pay that amount at that time), which judgment would serve as a lien against property owned by the defendant and which could be satisfied at some point in the future by liquidation of that asset.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of February, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE